IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTY M. ZIEGENFUS,           )
                               )
          Plaintiff,           )
                               )
     vs.                       )     Civil Action No. 09-926
                               )
MICHAEL J. ASTRUE,             )
COMMISSIONER OF SOCIAL SECURITY, )
                               )
          Defendant.           )

O R D E R

AND NOW, this 23rd day of March, 2010, upon consideration
of the parties' cross-motions for summary judgment, the Court, upon
review of the Commissioner of Social Security's final decision,
denying plaintiff's claim for disability insurance benefits under
Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq.,
and denying plaintiff's claim for supplemental security income
benefits under Subchapter XVI of the Social Security Act, 42 U.S.C.
§1381, et seq., finds that the Commissioner's findings are supported
by substantial evidence and, accordingly, affirms.  See 42 U.S.C.
§405(g); Jesurum v. Secretary of U.S. Department of Health & Human
Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970
F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924
(1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  See
also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if

1

supported by substantial evidence, the Commissioner's decision must

be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim

differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir.

1981)).[1]

---

1

Plaintiff challenges the conclusions of the Administrative Law Judge ("ALJ") with regard to (1) his discussion of her obesity at Step Three and in his assessment of her residual functional capacity; (2) his failure to discuss the environmental factors set forth in the opinion of the non-examining state agency physician; (3) his assessment of her subjective complaints; and (4) his examination of the vocational expert.

In Diaz v. Commissioner, as the Plaintiff notes, the Third Circuit held that an ALJ "must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and every subsequent step." 577 F.3d 500, 504 (3d Cir. 2009); Plaintiff's Brief (Doc. No. 11) ("Pl. Br.") at 5-6. The Court finds that the ALJ did consider Plaintiff's obesity, both in determining whether she met a listing and in determining her residual functional capacity ("RFC"). The ALJ discussed the effect of the Plaintiff's obesity on her "other body systems" in the context of a general discussion of her various impairments as part of his analysis of the Plaintiff's RFC. R. 16. Apparently for the purpose of avoiding duplication, the ALJ adopted this discussion by reference in his earlier determination that the Plaintiff's impairments did not meet a listing (with the words "as discussed below"). R. 15. As the Third Circuit noted in Diaz, while the ALJ must provide a discussion of the evidence sufficient to allow judicial review, he need not use any particular "magic words." Diaz, 577 F.3d at 504. The Court is satisfied that the ALJ's discussion of the Plaintiffs's obesity, in context, satisfies the requirements of Diaz.

The Plaintiff is correct that the ALJ neither included the additional restrictions found by the non-examining state agency physician, Abu N. Ali, M.D., in his determination of her RFC, nor did he adequately explain his reasons for excluding them. Pl. Br. 6-7. However, the Court also notes that none of the jobs named by the vocational expert ("VE") in response to the ALJ's hypothetical are likely to involve exposure to any of the environmental factors the agency physician mentioned in his report. R. 20. The Court, therefore, finds this to be harmless error.

The Court finds that the ALJ gave proper consideration to Plaintiff's testimony concerning the intensity, persistence and limiting effects of the symptoms of her impairments, on which he found Plaintiff to be "not entirely credible." R. 17; see also 20 C.F.R. § 404.1529. The ALJ reached this conclusion after a careful review of Plaintiff's medical records, which did not corroborate Plaintiff's subjective testimony. R. 17-19. The ALJ found substantial evidence in the record that was inconsistent with her subjective complaints, including clinical findings, the level of Plaintiff's daily activities, and the effectiveness of her pain medication. R. 17-19.

(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 10) is DENIED and defendant's Motion for Summary Judgment (document No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:      Counsel of record

---

[1](...continued)

Social Security Ruling 00-4p states that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the [Dictionary of Occupational Titles ("DOT")], the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE...evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p at *2. The VE testified that he knew of no conflicts between his testimony and the DOT. R. 53. Plaintiff's counsel did not cross-examine the VE about any such inconsistency at that time. Therefore, there was no conflict apparent to the ALJ that would have required him to elicit a reasonable explanation from the VE. Plaintiff's allegations that the ALJ failed to properly account for any alleged inconsistency between the DOT's description of the jobs proposed by the VE and the Plaintiff's RFC is therefore without merit.

Substantial evidence supports the ALJ's conclusions, and the decision of the Commissioner is affirmed.